1   BRIAN LEE JOHNSRUD, State Bar No. 184474
    SCOTT P. PEARTREE, State Bar No. 240197
2   MICHELLE A. GRIFFITH-JONES, State Bar No. 259914
    MORGAN, LEWIS & BOCKIUS LLP
3   2 Palo Alto Square
    3000 El Camino Real, Suite 700
4   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
5   Fax: 650.843.4001
    E-mail: bjohnsrud@morganlewis.com
6
    Attorneys for Defendant
7   BLOCKBUSTER INC.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MELISSA S. CURRIE-WHITE,                Case No. **CV 09 2593**
    individually and on behalf of all others
12  similarly situated,                      **NOTICE OF REMOVAL OF ACTION TO
                                             THE UNITED STATES DISTRICT COURT
13                            Plaintiff,      FOR THE NORTHERN DISTRICT OF
                                             CALIFORNIA**
14              vs.

15  BLOCKBUSTER, INC.; and DOES 1
    through 50, inclusive,
16
                              Defendants
17

18  TO THE CLERK OF THE ABOVE-TITLED COURT:

19       PLEASE TAKE NOTICE that Defendant Blockbuster Inc. ("Defendant" or

20  "Blockbuster"), by and through its counsel, removes the above-entitled action from the Superior

21  Court of the State of California for the County of Alameda, to this Court under 28 U.S.C. §§

22  1332(d), 1441, 1446, and 1453 based on the following grounds:

23       1.    On April 24, 2009, Plaintiff Melissa Currie-White ("Plaintiff") filed a civil action

24  in the Superior Court of the State of California for the County of Alameda, entitled *Melissa S.*

25  *Currie-White, individually and on behalf of all others similarly situated v. Blockbuster, Inc.*; and

26  Does 1 through 50, inclusive, Case Number RG09-449080. A true and correct copy of the

27  Complaint in this action is attached as Exhibit 1.

28       2.    The Summons and Complaint were served on Blockbuster on May 14, 2009. True

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4                          1                    DEFENDANT BLOCKBUSTER INC.'S
                                                             NOTICE OF REMOVAL
                                                             (CASE NO.:_____)

1   and correct copies of the Summons and its proof of service are attached as Exhibit 2. No other

2   process, pleadings, or orders have been filed, served, or received by the Blockbuster in this

3   action.

4   **I.   CLASS ACTION FAIRNESS ACT**

5       3.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to

6   removal of class actions. See 28 U.S.C. § 1453.

7       4.    This action was brought by a putative representative person on behalf of a

8   proposed class of individuals. Exh. 1, ¶¶ 1, 8. As such, this matter is a purported class action as

9   that term is defined under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §

10  1332(d)(1)(B) and 28 U.S.C. § 1453.

11      5.    This action originally could have been filed in this Court under 28 U.S.C. §

12  1332(d) because this matter was brought as a class action, diversity of citizenship exists between

13  one or more members of the putative class and Blockbuster, and the alleged amount in

14  controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is

15  therefore proper under 28 U.S.C. §§ 1446 and 1453.

16      **A.   DIVERSITY OF CITIZENSHIP EXISTS**

17      6.    Plaintiff is, and was at the institution of this civil action, and was at all times

18  intervening, a citizen and resident of California. Exh. 1, ¶ 2.

19      7.    Plaintiff seeks to represent a class consisting of "(a)ll persons who, during the

20  applicable statute of limitations, were employed by Blockbuster in the State of California in the

21  position of Customer Service Representative, or similar position that regularly involves the

22  operation of a cash register, and were not provided with a seat." Exh. 1, ¶ 8.

23      8.    For diversity purposes, a corporation is a citizen of (1) the state under whose laws

24  it is organized; and (2) the state of its "principal place of business." *Davis v. HSBC Bank Nevada,*

25  *N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009); 28 U.S.C. § 1332(c)(1).

26      9.    Blockbuster, at the time this action was commenced, was and still is, a corporation

27  organized and existing under and by virtue of the laws of the State of Delaware. Declaration of

28  David Odom, ¶ 4. Blockbuster was not and is not incorporated under the laws of the State of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4                                    2                    DEFENDANT BLOCKBUSTER INC.'S
                                                                      NOTICE OF REMOVAL
                                                                      (CASE NO.: _____ )

1  California, wherein this action was brought.

2  10.  The Ninth Circuit uses a two-step analysis to determine a corporation's principal

3  place of business. *Davis*, 557 F.3d at 1028. First, under the "place of operations" test, a

4  corporation's principal place of business is the state containing a substantial predominance of

5  business operations. *Id.* (citing *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500

6  (9th Cir. 2001)). Second, if the corporation does not conduct a substantial predominance of its

7  business in any single state, the court uses the "nerve center" test, under which a corporation's

8  principal place of business is the state where "the majority of its executive and administrative

9  functions are performed." *Davis*, 557 F.3d at 1028 (citing *Tosco*, 236 F.3d at 500).

10  a.  Place of Operations: The Ninth Circuit analyzes several factors in

11  determining whether a given state contains a substantial predominance of business activity,

12  including the location of employees, tangible property, production activities, sources of income,

13  and where sales take place. *Davis*, 557 F.3d at 1028 (citing *Tosco*, 236 F.3d at 500). Courts do

14  not analyze these factors by absolute numbers, but instead account for some states' large

15  populations by identifying whether or not, per capita, a corporation substantially predominates in

16  one state. *See Davis,* 557 F.3d at 1029-30 (applying a per capita approach because, if such a

17  method is not used, "nearly every retailer – no matter how far flung its operations – will be

18  deemed a citizen of California for diversity purposes"); *Ho v. Ikon Office Solutions, Inc.*, 143 F.

19  Supp. 2d 1163, 1167-68 (N.D. Cal. 2001) ("[I]t is highly unlikely that Congress intended every

20  national corporation that does more business in California than in any other single state, by virtue

21  of that fact alone, to be deemed a citizen of California for purposes of diversity jurisdiction.");

22  *Duarte v. Standard Insurance Co.*, 2008 WL 3978082 (N.D. Cal. 2008) (applying a per capita

23  approach to hold that California did not contain a substantial predominance of the defendant's

24  sales activity).

25  (i)  Location of Employees

26  As of June 5, 2009, Blockbuster had approximately 35,185 active employees in the United

27  States. Declaration of David Odom, ¶ 2. The top five states for number of employees are:

28  California (4,765); Texas (4,091); Florida (2,754); New York (1,720); and Illinois (1,614). *Id.* at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4                          3
DEFENDANT BLOCKBUSTER INC.'S
NOTICE OF REMOVAL
(CASE NO.: _____ )

1  ¶ 3. According to the most recent data provided by the U.S. Census Bureau, in July 2008,

2  California had a population of 36,756,666 people.[1]  Based on this figure, approximately .01296%

3  of California's population works for Blockbuster.  Further, based on the populations of Texas

4  (24,326,974); Florida (18,328,340), New York (19,490,297), and Illinois (12,901,563),

5  approximately .01682% of Texas's population works for Blockbuster, approximately .01503% of

6  Florida's population works for Blockbuster, approximately .00882% of New York's population

7  works for Blockbuster, and approximately .01251% of Illinois' population works for Blockbuster.

8  In other words, the following five states have the highest number of Blockbuster employees per

9  capita:

| State | Percent of State Population Working for Blockbuster |
|---|---|
| Texas | .01682% |
| Florida | .01503% |
| California | .01296% |
| Illinois | .01251% |
| New York | .00882% |

15  According to these figures, California ranks third, on a per capita basis, of the top five states for

16  Blockbuster employees.  Thus, Blockbuster's employees do not substantially predominate in

17  California.

18              (ii)    Location of Real Property

19          As of June 5, 2009, Blockbuster owned approximately 27 store facilities in the United

20  States, all in five states. Declaration of Jason Huggins, ¶ 2.  These states by numbers and

21  percentage of total facilities are:

| State | Number of Facilities | Percentage of Total Facilities |
|---|---|---|
| North Carolina | 15 | 55.6% |
| South Carolina | 5 | 18.5% |
| Louisiana | 4 | 14.8% |
| Tennessee | 2 | 7.4% |
| Florida | 1 | 3.7% |

26  *Id*. As the above chart shows, Blockbuster owns no facilities in California, which further

[1] http://www.census.gov/popest/states/tables/NST-EST2008-01.xls.

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4                4

DEFENDANT BLOCKBUSTER INC.'S
NOTICE OF REMOVAL
(CASE NO.:_____)

1  confirms that Blockbuster's operations do not substantially predominate in California.

2              (iii)    Location of Stores

3      As of June 5, 2009, Blockbuster had approximately 4,585 stores in the United States. *Id.*

4  at ¶ 3.  As of June 5, 2009, the top five states for number of stores are:  California (494); Florida

5  (319); Texas (314); New York (191); and Illinois (190).  *Id.*  Using the same U.S. Census Bureau

6  dated referenced above, California has one store for approximately every 74,406 persons in the

7  state, Florida has one store for approximately every 57,455 persons in the state, Texas has one

8  store for approximately every 77,474 persons in the state, New York has one store for

9  approximately every 102,043 persons in the state, and Illinois has one store for approximately

10  every 67,902 persons in the state.  In other words, the following five states have the most

11  Blockbuster stores per capita:

12

| State | Number of Stores | Number of persons in state per Blockbuster store |
|---|---|---|
| Florida | 319 | 57,456 |
| Illinois | 190 | 67,903 |
| California | 494 | 74,406 |
| Texas | 314 | 77,474 |
| New York | 191 | 102,043 |

17  As the above chart shows, Blockbuster operates comparatively fewer stores per capita in

18  California than Florida and Illinois, and only slightly more than Texas.  This data confirms that

19  Blockbuster's stores do not substantially predominate in California.

20              (iv)    Location of Revenue

21      For the fiscal year ending January 4, 2009, domestic revenue at Blockbuster totaled

22  approximately $3.629 billion dollars. Declaration of Kristin Tredemeyer, ¶ 2.  The top five states

23  by sales for the fiscal year ending January 4, 2009 were:  California (approximately

24  $519,900,000); Florida ($325,200,000); Texas ($313,800,000); New York ($186,000,000); and

25  Illinois ($161,900,000).  *Id.*  Using the same U.S. Census Bureau data referenced above, the

26  following five states have the highest sales per capita:

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4

5

DEFENDANT BLOCKBUSTER INC.'S
NOTICE OF REMOVAL
(CASE NO.:_____)

| State | Sales Per Capita |
|------------|------------------|
| Florida | $17.74 |
| California | $14.14 |
| Texas | $12.90 |
| Illinois | $12.55 |
| New York | $9.54 |

As this chart shows, Blockbuster obtains more revenue per capita in Florida than it does in California, and California does not substantially predominate in terms of revenue.

Based on the foregoing factors, Blockbuster's business operations do not substantially predominate in California or any other state. This Court should therefore use the "nerve center" test to determine Blockbuster's principal place of business for diversity purposes.

b. Nerve Center: Under the nerve center test, a corporation's principal place of business is located "in the state where the majority of its executive and administrative functions are performed." *Davis*, 557 F.3d at 1028 (citing *Tosco*, 236 F.3d at 500). Blockbuster is a Delaware corporation headquartered in Texas, with its principal place of business in Texas. Declaration of David Odom, ¶ 4. The majority of Blockbuster's books and records are located in Texas. *Id*. at ¶ 5. The majority of Blockbuster's executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems) take place in Texas. *Id*. at ¶ 6. Accordingly, under the "never center" test, Blockbuster's principal place of business is Texas. For purposes of diversity jurisdiction, therefore, Blockbuster is a citizen of Texas (its principal place of business) and Delaware (its state of incorporation).

11. Thus, complete diversity exists because Plaintiff is a citizen of California and Blockbuster is a citizen of Delaware and Texas.

**B.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

12. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4

6

DEFENDANT BLOCKBUSTER INC.'S
NOTICE OF REMOVAL
(CASE NO.:_____)

13. Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14, at 42.)

14. Here, Plaintiff seeks to represent a class consisting of "(a)ll persons who, during the applicable statute of limitations, were employed by Blockbuster in the State of California in the position of Customer Service Representative ("CSR"), or similar position that regularly involves the operation of a cash register, and were not provided with a seat." Exh. 1, ¶ 8.

15. Plaintiff fails to plead a specific amount of damages. When a plaintiff fails to plead a specific amount of damages, the defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007). A defendant need only make a factual showing that it is more likely than not the amount in controversy exceeds $5,000,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Said burden is not 'daunting,' and courts recognize that, under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

16. Although Blockbuster denies Plaintiff's factual allegations and denies that Plaintiff or the class or any subclass that she purports to represent are entitled to the relief for which they have prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy "more likely than not" exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2). The reasons are as follows:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4

7

DEFENDANT BLOCKBUSTER INC.'S
NOTICE OF REMOVAL
(CASE NO.:_____)

1          a.     Plaintiff seeks to represent a class of Blockbuster CSRs employed in

2    California for penalties under the Private Attorneys General Act ("PAGA"), Labor Code section

3    1198, and Wage Order 7, section 14. Under Plaintiff's theory of the case, Blockbuster, for each

4    CSR, is allegedly liable $100 for every pay period the CSR is not provided with a seat as

5    allegedly required by Wage Order 7, section 14.

6          b.     For the period of April 24, 2008 to May 21, 2009, Blockbuster employed

7    approximately 5,708 CSRs. Declaration of David Odom, ¶ 7. For this same period, these

8    employees worked a total of 146,707 weeks. *Id.* Blockbuster paid its CSRs once every two

9    weeks for this period of time. *Id.* Therefore, Blockbuster employed the 5,708 CSRs for a total of

10   approximately 73,353 pay periods. Based on these 73,353 pay periods, and a potential penalty of

11   $100 per pay period, the Plaintiff, on a class-wide basis, seeks PAGA penalties in excess of

12   $7,335,300, which exceeds $5,000,000, exclusive of fees and costs.

13         c.     Plaintiff also claims attorneys' fees in addition to PAGA penalties. Exh. 1,

14   ¶ 19; Prayer for Relief, ¶ 2. Attorneys' fees are properly included in determining the amount in

15   controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Sanchez v. Wal-*

16   *Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. 2007) ("attorney's fees, if authorized by

17   statute or contract, are also part of the calculation"). Assuming Plaintiff can recover on her

18   theories and allegations on a class-wide basis, her lawyers would likely argue that they should

19   receive all attorneys' fees incurred, plus a potential multiplier, which plaintiffs' counsel often

20   seek. If Plaintiff's counsel seeks 25% of the potential PAGA penalties as fees, the amount in

21   controversy would increase by approximately $1,833,825 to $9,169,125.

22         17.    Although Blockbuster denies Plaintiff's allegations and that she or the class that

23   she purports to represent are entitled to the relief for which she has prayed, based on Plaintiff's

24   allegations and prayer for relief, the amount in controversy exceeds the $5,000,000 threshold set

25   forth under 28 U.S.C. § 1332(d)(2).

26   **II.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

27         18.    Because this Notice of Removal is filed within thirty days of service of the initial

28   summons and/or complaint upon Blockbuster, it is timely under 28 U.S.C. § 1446(b).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4                          8              DEFENDANT BLOCKBUSTER INC.'S
                                                       NOTICE OF REMOVAL
                                                       (CASE NO.:_____)

1    19.    As the Plaintiff filed this action in the Superior Court of the State of California,

2    County of Alameda, removal to the United States District Court, Northern District of California,

3    is proper under 28 U.S.C. § 1441(a).

4    20.    As required by 28 U.S.C. § 1446(d), Blockbuster will give notice of this removal

5    to Plaintiff through his attorneys of record.

6    21.    As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the

7    Superior Court of the State of California in and for the County of Alameda.

8    22.    Blockbuster has sought no similar relief.

9    WHEREFORE, Blockbuster, desiring to remove this case to the United States District

10   Court for the Northern District of California, prays that the filing of this Notice of Removal shall

11   effect the removal of the suit to this Court.

12

13   Dated: June __ \̇\ __, 2009                    MORGAN, LEWIS & BOCKIUS LLP

14

15                                          By _____ for

16                                              Brian Lee Johnsrud
                                                Attorneys for Defendant
17                                              BLOCKBUSTER INC.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21123501.4                          9                     DEFENDANT BLOCKBUSTER INC.'S
                                                             NOTICE OF REMOVAL
                                                             (CASE NO.: _____)

**File by Fax**

1 | JAMES F. CLAPP (145814)
jclapp@sdlaw.com
2 | MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
3 | ZACHARIAH P. DOSTART (255071)
zdostart@sdlaw.com
4 | DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
5 | San Diego, California 92122-1253
Tel: 858-623-4200
6 | Fax: 858-623-4299

7 | KEVIN J. McINERNEY (46941)
kevin@mcinerneylaw.net
8 | McINERNEY & JONES
18124 Wedge Parkway #503
9 | Reno, Nevada 89511
Tel: 775-849-3811
10 | Fax: 775-849-3866

11 | MATTHEW RIGHETTI (121012)
matt@righettilaw.com
12 | RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
13 | San Francisco, California 94104
Tel: 415-983-0900
14 | Fax: 415-397-9005

15 | Attorneys for Plaintiff

16

17 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

18 | IN AND FOR THE COUNTY OF ALAMEDA

19

20 | MELISSA S. CURRIE-WHITE, individually
and on behalf of all others similarly situated,

21 |        Plaintiff,

22 | vs.

23 | BLOCKBUSTER, INC.; and DOES 1 through

24 | 50, inclusive,

25 |        Defendants.

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

APR 24 2009

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

CASE NO. RG09445089

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698 ET SEQ.)**

CLASS ACTION COMPLAINT FOR VIOLATION OF PAGA

1 | Plaintiff Melissa S. Currie-White, individually and on behalf of all others similarly
2 | situated, alleges as follows:

3 | ## INTRODUCTION

4 | 1. This is a class action and a representative action for recovery of penalties under the
5 | California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section
6 | 2698 et seq. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of herself and
7 | other current and former employees to address an employer's violations of the California Labor
8 | Code. In this case, defendants violated California Labor Code section 1198 and Wage Order 7-
9 | 2001, section 14 by failing to provide suitable seats to plaintiff and other current and former
10 | employees. Plaintiff seeks penalties on behalf of herself and other current and former employees
11 | of defendants as provided herein.

12 | 2. Plaintiff Melissa S. Currie-White is an individual residing in the State of California.

13 | 3. Defendant Blockbuster, Inc. is a Delaware corporation doing business in Alameda,
14 | California.

15 | 4. Plaintiff does not know the names of those defendants sued as DOES 1 through 50
16 | but will amend this complaint when she learns those names. Plaintiff alleges on information and
17 | belief that each of the defendants is the agent, representative, successor, affiliate, officer, director,
18 | employee, co-conspirator, or alter ego of each of the other defendants and is in some manner
19 | responsible for the wrongdoing alleged herein. For the purposes of this complaint, the defendants
20 | are collectively referred to as "Blockbuster."

21 | 5. Venue is proper in this judicial district because at least some of the alleged
22 | wrongdoing occurred in this judicial district, and Blockbuster has failed to designate a principal
23 | business office in California.

24 | 6. At all relevant times, plaintiff was employed as a Customer Service Representative
25 | ("CSR") at Blockbuster. In connection with her job as a CSR, plaintiff regularly operated a cash
26 | register.

27 | 7. Wage Order 7-2001, which covers businesses in the "mercantile industry" such as
28 | Blockbuster, states: "All working employees shall be provided with suitable seats when the nature

2

1  of the work reasonably permits the use of seats." Id., section. 14(a). Blockbuster failed to provide
2  its CSRs, including plaintiff, with seats, despite the fact that the nature of cashier work reasonably
3  permits the use of seats.

## CLASS ALLEGATIONS

5      8.      Class Definition:  Plaintiff brings this lawsuit on her own behalf and as a 'class
6  action under Cal. Code Civ. Proc. section 382 and Fed. R. Civ. P. 23. The class ("Class") that
7  plaintiff seeks to represent is defined as follows: "All persons who, during the applicable statute of
8  limitations, were employed by Blockbuster in the State of California in the position of Customer
9  Service Representative, or similar position that regularly involves the operation of a cash register,
10  and were not provided with a seat."

11      9.      Ascertainable Class:  The Class is ascertainable in that its members may be
12  identified and located using information contained in Blockbuster's personnel records.

13      10.     Numerosity:  The Class is so numerous that the individual joinder of all members is
14  impractical under the circumstances of this case. Plaintiff is informed and believes that the Class
15  consists of well over 1,000 individuals.

16      11.     Common Questions of Fact or Law:  This lawsuit is suitable for class treatment
17  because common questions of fact and law predominate over individual issues. Common
18  questions include, but are not limited to, the following: (1) whether Blockbuster is subject to the
19  requirements of Wage Order 7-2001, section 14; (2) whether the job of a CSR at Blockbuster
20  reasonably permits the use of a seat; (3) what type(s) of seat would be suitable; and (4) the amount
21  of penalties that should be awarded under PAGA.

22      12.     Typicality:  Plaintiff's claims are typical of the claims of Class members. Plaintiff
23  and the Class members were injured by Blockbuster's common practice of failing to provide seats.

24      13.     Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class.
25  Plaintiff has no interests that are adverse to the interests of the Class.

26      14.     Superiority.  A class action is superior to other available means for the fair and
27  efficient adjudication of this controversy, since individual joinder of all members of the Class is
28  impractical.  Class action treatment will permit a large number of similarly situated persons to

1 prosecute their common claims in a single forum simultaneously, efficiently, and without
2 unnecessary duplication of effort and expense. Furthermore, the expenses and burden of
3 individualized litigation would make it difficult or impossible for individual members of the Class
4 to redress the wrongs done to them, while an important public interest will be served by
5 addressing the matter as a class action. Individualized litigation would also present the potential
6 for inconsistent or contradictory judgments.

7                                    FIRST CAUSE OF ACTION

8                                        (Violation of PAGA)

9        15.    Plaintiff incorporates by reference the allegations set forth above.

10       16.    California Labor Code section 1198 makes it illegal to employ an employee under
11 conditions of labor that are prohibited by the applicable wage order. By failing to provide plaintiff
12 and the other Class members with seats, in violation of Wage Order 7-2001, section 14,
13 Blockbuster violated Lab. Code section 1198.

14       17.    PAGA permits an "aggrieved employee" to recover penalties on behalf of himself
15 or herself and other current or former employees as a result of the employer's violations of certain
16 sections of the California Labor Code. Plaintiff is an aggrieved employee, in that plaintiff is
17 employed by Blockbuster and was not provided with a seat, in violation of Lab. Code section 1198
18 and Wage Order 7-2001, section 14. A violation of Lab. Code section 1198 gives rise to private
19 right of action under PAGA.

20       18.    Plaintiff has complied with the PAGA notice provision set forth in Cal. Lab. Code
21 section 2699.3(a)(1). The Labor and Workforce Development Agency has not provided plaintiff
22 with notice that it intends to investigate this violation, although 33 calendar days have elapsed
23 since the postmark date of plaintiff's notice. Accordingly, plaintiff is entitled to commence this
24 action.

25       19.    Plaintiff requests penalties against Blockbuster as provided under Lab. Code
26 section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

27

28

                                                 4
CLASS ACTION COMPLAINT FOR VIOLATION OF PAGA

1

# PRAYER

2    WHEREFORE, plaintiff requests entry of judgment, on behalf of herself and the other

3    Class members, against each defendant, jointly and severally, as follows:

4      1.    For penalties according to proof;

5      2.    For reasonable attorneys' fees and costs of suit; and

6      3.    For such other relief that the Court deems proper.

7    Dated: April 24, 2009                    DOSTART CLARP GORDON & COVENEY, LLP

8

9                                             JAMES F. CLAPP

10                                            Attorneys for Plaintiff

11   83159.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

CLASS ACTION COMPLAINT FOR VIOLATION OF PAGA

**SUMMONS** — SUM-100
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY
APR 2 4 2009
CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLOCKBUSTER, INC.; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MELISSA S. CURRIE-WHITE, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* R G 0 9 4 4 9 0 8 0 |
|---|---|

Alameda County Superior Court
Rene C. Davidson Alameda County Courthouse
1225 Fallon St.
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James F. Clapp (145814)    Tel: 858-623-4200    Fax: 858-623-4299
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122

Esther Coleman

DATE: APR 2 4 2009  PAT S. SWEETEN   Clerk, by _____, Deputy
*(Fecha)*       *(Secretario)*       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Blockbuster, Inc
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOSTART, CLAPP, GORDON & COVENEY, LLP<br>ATTORNEYS AT LAW<br>JAMES F. CLAPP - SBN # 145814<br>4370 LA JOLLA VILLAGE DR., STE.#970<br>SAN DIEGO, CA 92122<br>TELEPHONE NO. (858) 623-4200    FAX NO.*(Optional)*(858) 623-4299<br>EMAIL ADDRESS *(Optional):*<br>ATTORNEY FOR*(Name):* MELISSA S. CURRIE-WHITE | **FILED**<br>ALAMEDA COUNTY<br>JUN - 4 2009<br>CLERK OF THE SUPERIOR COURT<br>By_____ Deputy |

| COURT NAME: ALAMEDA SUPERIOR COURT |
|---|
| STREET ADDRESS: 1225 FALLON STREET |
| MAILING ADDRESS: 1225 FALLON STREET |
| CITY AND ZIP CODE: OAKLAND, CA 94612 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: MELISSA S. CURRIE-WHITE ET AL | CASE NUMBER:<br>RG09449080 |
|---|---|
| DEFENDANT/RESPONDENT: BLOCKBUSTER, INC. | |

| **PROOF OF SERVICE OF SUMMONS** | Ref No. or File No.<br>0S362845-01 |
|---|---|

*(Separate proof of service is required for each party served)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
   CIVIL CASE COVER SHEET ADDENDUM; NOTICE OF HEARING

3. a. Party served *(specify name of party as shown on documents served):*
   BLOCKBUSTER, INC.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
   BECKY DEGEORGE, AGENT/CSC LAWYERS, INC.

4. Address where the party was served:  2730 GATEWAY OAKS DR., STE 100
   SACRAMENTO, CA 95833

5. I served the party *(check proper box)*

   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized
      to receive service of process for the party    (1) on *(date):*May 14, 2009    (2) at *(time):*    02:55 pm
   b. ☐ by substituted serviceOn *(date):*    at *(time):*    I left the documents listed
      in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address is unknown) a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
         the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

313/0S362845-01

Client File #CURRIE-WHITE V. BLOCKBUSTER

| PLAINTIFF/PETITIONER: MELISSA S. CURRIE-WHITE ET AL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BLOCKBUSTER, INC. | RG09449080 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date)*:                   (2) from *(city)*:
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a* (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The Notice to the Person Served (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*: BLOCKBUSTER, INC.
    under the following Code of Civil Procedure section:
    ☒ 416.10 (corporation)       ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)       ☐ 415.46 (occupant)
                            ☐ other:

7. Person who served papers
  a. Name:            ALISHIA SIMON
  b. Address:        1424 21st Street, Sacramento, CA 95811
  c. Telephone number:   (916) 441-4396
  d. The fee for service was: $    90.50
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ Owner  ☒ employee   ☐ independent contractor.
      (ii) Registration No.: 2003-19
      (iii) County:     SACRAMENTO

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

OR

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:    May 15, 2009

ALISHIA SIMON
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)      (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
POS-010[Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

Client File # CURRIE-WHITE V. BLOCKBUSTER

313/08362845-01