IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA S. CURRIE-WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC.,<br><br>Defendant. | No. C-09-2593 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is defendant Blockbuster, Inc.'s motion to dismiss, filed June 18, 2009. Plaintiff Melissa S. Currie-White has filed opposition, to which defendant has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

1. Contrary to defendant's argument, plaintiff may seek civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, et seq. In particular, § 2699(f) of PAGA provides civil penalties "[f]or all provisions of [the Labor] [C]ode except those for which a civil penalty is specifically provided." See Cal. Labor Code § 2699(f). Here, plaintiff alleges a violation of § 14 of Order No. 7-2001 of the Industrial Welfare Commission ("IWC"), as incorporated into the Labor Code by § 1198 thereof. (See Def.'s

---

[1] Additionally, on July 27, 2009, plaintiff filed a "Statement of Recent Decision."

1 Request for Judicial Notice ("RJN") Ex. 18 (Order No. 7-2001) § 14(a) (providing "[a]ll
2 working employees shall be provided with suitable seats when the nature of the work
3 reasonably permits the use of seats"))[2]; Cal. Labor Code § 1198 (providing "[t]he
4 employment of any employee . . . under conditions of labor prohibited by [order of the IWC]
5 is unlawful"). Although § 20 of Order No. 7-2001 contains a civil penalties provision, that
6 provision does not provide a penalty for the violation alleged by plaintiff, specifically, a
7 failure to provide seats for employees, as required by § 14; rather, the provision provides
8 penalties only for violations of the sections of Order No. 7-2001 that deal with failures to
9 pay wages. (See Order No. 7-2001 § 20(A)(1)-(2) (providing penalties "for each underpaid
10 employee for each pay period during which the employee was underpaid in addition to the
11 amount which is sufficient to recover unpaid wages"); see, e.g., id. § 4 (providing minimum
12 wages); id. § 5 (providing reporting time pay); id. § 11(D) (providing compensation for
13 failure to provide meal periods; id. § 12(B) (providing compensation for failure to provide
14 rest periods).)[3]

15     2. Contrary to defendant's argument, § 14 of Order No. 7-2001 is not invalid on the
16 ground that the IWC failed to comply with Cal. Labor Code § 1173 prior to promulgating
17 such order. See Cal. Labor Code § 1173 (providing "[b]efore adopting any new rules,
18 regulations, or policies, the [IWC] shall consult with the Occupational Safety and Health
19 Standards Board ["OSHSB"] to determine those areas and subject matters where the
20 respective jurisdictions of the [IWC] and the [OSHSB] overlap"). In particular, all of the

---

[2] Concurrently with the instant motion, defendant filed a Request for Judicial Notice. No objection having been filed, the request is hereby granted to the extent the Court has cited to any such evidence herein.

[3] The Court finds the reasoning of Hamilton v. San Francisco Hilton, Inc., No. 04-431310 (Cal. Super. June 29, 2005) (see Def.'s RJN Ex. 1) unpersuasive, in that prohibiting a plaintiff who seeks relief under § 14 from recovering civil penalties under § 2699(f) would leave all such employees without any remedy for violation of that section. PAGA, however, envisions the availability of civil penalties for all violations of the Labor Code. See § 2699(a) (providing "any provision of [the Labor] [C]ode that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . may, as an alternative, be recovered through a civil action brought by an aggrieved employee"); § 2699(f) (establishing civil penalty "[f]or all provisions of [the Labor] [C]ode except those for which a civil penalty is specifically provided").

language in § 14 on which plaintiff relies was adopted after what the California Court of Appeal has held to constitute appropriate consultation. See Cal. Manufacturers Ass'n v. Indus. Welfare Comm'n, 109 Cal. App. 3d 95, 122-23 (1980) (holding consultation prior to promulgation of 1976 IWC Orders sufficient under § 1173); (see also Def.'s RJN Ex. 9 (Order No. 7-76) § 14). To the extent defendant disagrees with the Court of Appeal's decision, the Court finds defendant's argument unpersuasive, and defendant has not cited to any subsequent authority suggesting the reasoning of such decision is unsound.

3. Contrary to defendant's argument, plaintiff's complaint is not subject to dismissal on the ground that § 2699(f) violates the Equal Protection Clause of the Fourteenth Amendment by assessing civil penalties "per pay period." See § 2699(f)(2). In particular, on the record before the Court at this time, and assuming, arguendo, § 2699(f) impermissibly imposes greater penalties on an employer that pays its employees semi-monthly or biweekly, as compared with an employer that pays its employees weekly,[4] defendant has failed to show such statute cannot be reformed to eliminate any constitutional infirmity. See, e.g., Kopp v. Fair Political Practices Comm'n, 11 Cal. 4th 607, 660-61 (1995) (holding California statute may be reformed "to preserve it against invalidation under the [federal] Constitution, when [a court] can say with confidence that (i) it is possible to reform the statute in a manner that closely effectuates policy judgments clearly articulated by the enacting body, and (ii) the enacting body would have preferred the reformed construction to invalidation of the statute").

4. Contrary to defendant's argument, PAGA does not violate the separation of powers principle under the California Constitution by impermissibly delegating prosecutorial authority to individuals outside the executive branch. In particular, United States ex rel. Kelly v. Boeing Co., 9 F.3d 743 (9th Cir. 1993), on which defendant relies, is distinguishable. That case concerns qui tam actions brought under the False Claims Act,

---

[4] Pursuant to Cal. Labor Code § 204, with the exception of "executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act," employees may be paid "weekly, biweekly, or semi-monthly." See Cal. Labor Code § 204(a), (d).

3

1 see 31 U.S.C. § 3730(b), which actions are brought "in the name of" the United States, see
2 § 3730(b)(1). By contrast, although a plaintiff in a PAGA action serves "as the proxy or
3 agent of the state's labor law enforcement agencies," see Arias v. Superior Court, 95 Cal.
4 Rptr. 3d 588, 600 (Cal. 2009), such an action nonetheless is brought "by an aggrieved
5 employee on behalf of himself or herself and other current or former employees," see §
6 2699(a), (f). Further, even if Kelly is applicable herein, the Court is not persuaded, on the
7 record before it at this time, that the California Supreme Court would find the provisions of
8 PAGA fail to accord the Executive Branch "sufficient control" over the conduct of PAGA
9 actions to "ensure that [it] is able to perform [its] constitutionally assigned duties." See
10 Kelly, 9 F.3d at 751 (internal quotation and citation omitted); see also Cal. Labor Code §
11 2699.3 (setting forth requirements for aggrieved employee to commence PAGA action).
12 Indeed, the California Supreme Court has rejected a separation of powers argument similar
13 to that advanced by defendant herein. See Stop Youth Addiction, Inc. v. Lucky Stores,
14 Inc., 17 Cal. 4th 553, 558, 576 (1998) (holding, over dissent on grounds of separation of
15 powers, corporation could bring suit under California's Unfair Competition Law ("UCL") "on
16 behalf of the general public" based on alleged violations of criminal statute; noting UCL
17 "embodies the policy of permitting members of the public to police the spectrum of unfair
18 competition") (internal quotation and citation omitted).[5]

19     5. Contrary to plaintiff's argument, plaintiff has failed to plead sufficient facts in
20 support of her claim. In particular, as defendant points out, plaintiff has failed to plead any
21 facts to support her conclusory allegation that "the nature of cashier work reasonably
22 permits the use of seats" (see Compl. ¶ 7); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)
23 (holding "the tenet that a court must accept as true all of the allegations contained in a

---

25     [5]The version of the UCL at issue at that time permitted an action to be brought by
26 "any person acting for the interests of itself, its members or the general public." See Stop Youth Addition, 17 Cal. 4th at 561 (quoting former Cal. Bus. & Prof. Code § 17204). In
27 2004, the passage of Proposition 64 limited standing under the UCL to a person who "has suffered injury in fact and has lost money or property as a result of such unfair
28 competition." See Californians for Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223, 227 (2006) (quoting Cal. Bus. & Prof. Code § 17204).

complaint is inapplicable to legal conclusions"). The Court, however, will afford plaintiff an opportunity to file an amended complaint curing this deficiency.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED, with leave to file, no later than August 28, 2009, a First Amended Complaint curing the deficiency noted by the Court.

**IT IS SO ORDERED.**

Dated: August 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge