BRIAN LEE JOHNSRUD, State Bar No. 184474
bjohnsrud@morganlewis.com
LINDSEY K. SCHROEDER, State Bar No. 245425
lschroeder@morganlewis.com
MICHELLE A. GRIFFITH-JONES, State Bar No. 259914
mgriffithjones@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001

*Attorneys for Defendant*
BLOCKBUSTER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA S. CURRIE-WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  3:09-CV-02593 MMC<br><br>**DEFENDANT BLOCKBUSTER INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:  Hon. Maxine M. Chesney<br>First Amended Complaint Filed:  August 14, 2009<br>Trial Date:  Not set |

Defendant Blockbuster Inc. ("Defendant" or "Blockbuster"), by and through its counsel of record, hereby answers the First Amended Class Action Complaint for Violation of the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code section 2698 *et seq.*) ("First Amended Complaint") of Plaintiff Melissa S. Currie-White ("Plaintiff" or "Currie-White") and admits, denies and alleges as follows in the numbered paragraphs below:

## INTRODUCTION

1.  Blockbuster denies each and every allegation contained in Paragraph 1, except as admitted herein: Blockbuster admits that Plaintiff's First Amended Complaint purports that this

is a class action and a representative action for recovery of penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section 2698 *et seq.*, but denies that that Plaintiff can carry her burden of proof on her claim and denies that Plaintiff can satisfy her burden of establishing that conditional or class certification is appropriate; Blockbuster admits that PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of herself and other current and former employees to address certain employer violations of the California Labor Code, but denies that Plaintiff is an "aggrieved employee;" and Blockbuster admits that Plaintiff seeks penalties on behalf of herself and other current and former employees of Blockbuster as provided in the First Amended Complaint, but denies that Plaintiff can establish that any such recovery is appropriate.

2. Blockbuster lacks sufficient information and belief to admit or deny each and every allegation in Paragraph 2, and, on that basis, denies each and every such allegation.

3. Blockbuster denies each and every allegation contained in Paragraph 3, except as admitted herein: Plaintiff was employed as a Customer Service Representative ("CSR") at Blockbuster during the time relevant to Plaintiff's First Amended Complaint, and that, as a CSR, Plaintiff at times operated a cash register.

4. Blockbuster denies each and every allegation contained in Paragraph 4, except as admitted herein: Blockbuster admits that it is incorporated under the laws of Delaware and does business in Alameda, California; Blockbuster admits that it is a national business that retails the rental and sale of videos and related merchandise and products to the general public; Blockbuster admits that, in California, there are in excess of one hundred (100) Blockbuster video stores; and Blockbuster admits that stores in California display videos and other related materials along aisles and on wall shelving.

5. Blockbuster denies each and every allegation contained in Paragraph 5, except as admitted herein: Blockbuster admits that, for the purposes of the First Amended Complaint, Plaintiff refers to the defendants collectively as "Blockbuster."

/ / /

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21278359.1

2

DEFENDANT BLOCKBUSTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(CASE NO. 3:09-CV-02593 MMC)

6. Blockbuster denies each and every allegation contained in Paragraph 6, except as admitted herein: Blockbuster admits that Plaintiff filed her action in the Alameda Superior Court, and that Blockbuster removed this action to this federal court.

7. Blockbuster denies each and every allegation contained in Paragraph 7, except as admitted herein: Blockbuster admits that Wage Order 7-2001 generally covers businesses in the "mercantile industry" and that section 14(a) of Wage Order 7-2001 states "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

## CLASS ALLEGATIONS

8. Blockbuster admits that Plaintiff purports to bring this lawsuit on her own behalf and as a class action under California Code of Civil Procedure section 382 and Federal Rule of Civil Procedure 23; and Blockbuster admits that Plaintiff seeks to represent the class as defined by Plaintiff in Paragraph 8, but Blockbuster denies that the class definition is proper and that Plaintiff can satisfy her burden of establishing that conditional or class certification is appropriate.

9. Blockbuster denies each and every allegation contained in Paragraph 9 of the First Amended Complaint.

10. Blockbuster denies each and every allegation contained in Paragraph 10, except as admitted herein: Blockbuster admits that the class Plaintiff purports to represent consists of over 1,000 individuals.

11. Blockbuster denies each and every allegation contained in Paragraph 11 of the First Amended Complaint.

12. Blockbuster denies each and every allegation contained in Paragraph 12 of the First Amended Complaint.

13. Blockbuster denies each and every allegation contained in Paragraph 13 of the First Amended Complaint.

14. Blockbuster denies each and every allegation contained in Paragraph 14 of the First Amended Complaint.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21278359.1         3         DEFENDANT BLOCKBUSTER'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
(CASE NO. 3:09-CV-02593 MMC)

## FIRST CAUSE OF ACTION

(Violation of PAGA)

15. Blockbuster incorporates its admissions and denials as to Paragraphs 1 through 14, as if set forth in full herein.

16. Blockbuster denies each and every allegation contained in Paragraph 16, except as admitted herein: Blockbuster admits that California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

17. Blockbuster denies each and every allegation contained in Paragraph 17, except as admitted herein: Blockbuster admits that PAGA permits an "aggrieved employee" to recover penalties on behalf of himself or herself and other current or former employees as a result of the employer's violations of certain sections of the California Labor Code, but denies that Plaintiff is an "aggrieved employee."

18. Blockbuster denies that Plaintiff has complied with the PAGA notice provision set forth in California Labor Code section 2699.3(a)(1); Blockbuster lacks sufficient information and belief to admit or deny each and every remaining allegation in Paragraph 18, and, on that basis, denies each and every such allegation.

19. Blockbuster admits that Plaintiff requests penalties against Blockbuster as provided under California Labor Code section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial, but denies that Plaintiff can establish that any such recovery is appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The First Amended Complaint, and the single alleged cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Failure to Exhaust Internal Remedies)**

2. This Court lacks subject matter jurisdiction over the First Amended Complaint to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21278359.1

4

DEFENDANT BLOCKBUSTER'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
(CASE NO. 3:09-CV-02593 MMC)

the extent that Plaintiff and the class she purports to represent failed to exhaust available internal or contractual remedies.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust PAGA Remedies)

3. This Court lacks subject matter jurisdiction over the First Amended Complaint to the extent that Plaintiff failed to exhaust administrative remedies under PAGA.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Prerequisites of Class Certification)

4. The named Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others as to the single purported cause of action.

### FIFTH AFFIRMATIVE DEFENSE

### (Individual Questions Predominate)

5. The type of claim alleged by the named Plaintiff on behalf of herself and the alleged class, the existence of which is expressly denied, is a matter in which individual questions predominate and, accordingly, is not appropriate for class treatment.

### SIXTH AFFIRMATIVE DEFENSE

### (Claim Is Not Common or Typical)

6. The claim alleged by the named Plaintiff is neither common to nor typical of the claim, if any, of the alleged class Plaintiff purports to represent, the existence of which is expressly denied.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

7. The purported class that Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

/ / /

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21278359.1

5

DEFENDANT BLOCKBUSTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(CASE NO. 3:09-CV-02593 MMC)

## EIGHTH AFFIRMATIVE DEFENSE

### (Named Plaintiff Is Not Adequate Representative)

8. The First Amended Complaint fails, to the extent it asserts a class action, because the single named Plaintiff is not an adequate representative of the purported class.

## NINTH AFFIRMATIVE DEFENSE

### (Conflict of Interests)

9. Certain of the interests of the proposed class(es) are in conflict with the interests of other proposed class(es) or certain sub-groups of the members of the alleged class(es) of persons which Plaintiff purports to represent, the existence of which is expressly denied.

## TENTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

10. The alleged claim is barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty – Conclusory Class Allegations)

11. Plaintiff's claim and the claim of each putative member of the class as set forth in the First Amended Complaint are barred in whole or in part because the purported class definition is uncertain, ambiguous and conclusory.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

12. Plaintiff's claim and the claim of each putative member of the purported class defined in the First Amended Complaint are barred in whole or in part by the applicable statute of limitations, including, but not limited to, the California Code of Civil Procedure sections 340(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

13. Plaintiff lacks standing to assert the claim alleged in the First Amended Complaint either individually or as a class action or representative action.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process/Class Certification)

14.  Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights under both the United States and California Constitutions.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

15.  To the extent the claim of the Plaintiff and the class(es) she purports to represent seeks to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code section 2699 *et seq.*, an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

16.  Plaintiff, on her own behalf and/or on behalf of any putative member of the purported class defined in the First Amended Complaint, is not entitled to recover any civil penalties because under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

17.  To the extent Plaintiff or any putative members of the purported class defined in the First Amended Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

/ / /

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21278359.1

7

DEFENDANT BLOCKBUSTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(CASE NO. 3:09-CV-02593 MMC)


### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Release Through Prior Settlement Agreement)**

18.  To the extent that Plaintiff or any purported class member entered into any individual settlement agreement, any such individual has released the claim alleged in the First Amended Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

19.  The single cause of action is barred by Plaintiff's own unclean hands or by estoppel to the extent Plaintiff consented to and/or actively participated in the conduct which they now allege constitutes their causes of action.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Waiver)**

20.  Plaintiff's claim and the claim of the purported class are barred in whole or in part by the doctrine of waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Laches)**

21.  Plaintiff's First Amended Complaint is barred in whole or in part by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Failure to Avoid Harm)**

22.  Defendant alleges that, at all times alleged in the First Amended Complaint, Defendant exercised reasonable care to prevent and correct any alleged unlawful conduct, and that Plaintiff and putative class members unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to otherwise avoid harm.

/ / /
/ / /
/ / /
/ / /

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

23. The monetary claims of Plaintiff and the class she purports to represent are barred, in whole or in part, because Plaintiff and the class she purports to represent have not appropriately or adequately mitigated their alleged damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Constitutional Right to Equal Protection)

24. An award of penalties against Defendant would be an unconstitutional denial of Defendant's rights to equal protection under both the United States and California Constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Separation of Powers Doctrine)

25. An award of penalties under PAGA against Defendant would be an unconstitutional violation of the separation of powers doctrine under the California Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

26. To the extent Plaintiff seeks recovery for alleged injury on behalf of herself or on behalf of the class members she purports to represent, such recovery is barred by California's Workers' Compensation Act under California Labor Code section 2699(k).

WHEREFORE, the Defendant prays for judgment as follows:

1. The Plaintiff takes nothing by the Complaint;
2. That judgment be entered against Plaintiff and in favor of the Defendant;
3. That Defendant be awarded attorneys' fees incurred herein;
4. That Defendant be awarded costs of suit herein; and
5. For such other and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /
/ / /

| | | |
|---|---|---|
| 1 | Dated: August 28, 2009 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By *[signature]* |
| | | Brian L. Johnsrud |
| 4 | | Attorneys for Defendant |
| | | BLOCKBUSTER INC. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21278359.1

10

DEFENDANT BLOCKBUSTER'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
(CASE NO. 3:09-CV-02593 MMC)