DARYL S. LANDY, State Bar No. 136288
LINDSEY K. SCHROEDER, State Bar No. 245425
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: 650.843.4000 / Facsimile: 650.843.4001
Email: dlandy@morganlewis.com, lschroeder@morganlewis.com,

Attorneys for Defendant BLOCKBUSTER INC.

KEVIN J. McINERNEY, State Bar No. 46941
KELLY McINERNEY, State Bar No. 200017
CHARLES A. JONES, State Bar No. 224915
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone: 775.849.3811 / Facsimile: 775.849.3866
Email: kevin@mcinerneylaw.net, kelly@mcinerneylaw.net,
       caj@mcinerneylaw.net

JAMES F. CLAPP, State Bar No. 145814
MARITA MURPHY LAUINGER, State Bar No. 199242
ZACHARIAH P. DOSTART, State Bar No. 255071
DOSTART CLAPP GORDAN & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone: 858.623.4200 / Facsimile: 858.623.4299
Email: clapp@sdlaw.com, mlauinger@sdlaw.com,
       zdostart@sdlaw.com

MATTHEW RIGHETTI, State Bar No. 121012
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: 415.983.0900 / Facsimile: 415.397.9005
Email: matt@righettilaw.com

Attorneys for Plaintiff MELISSA S. CURRIE-WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA S. CURRIE-WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:09-CV-02593 MMC<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC

WHEREAS, Plaintiff MELISSA S. CURRIE-WHITE (hereafter "Plaintiff") and Defendant BLOCKBUSTER INC. (hereafter "Defendant") will produce confidential documents in response to discovery requests:

In connection with the above-captioned action, Plaintiff and Defendant (collectively, "the parties") by and through their undersigned attorneys, stipulate that the following Confidentiality Agreement and Stipulation and Protective Order may be entered by the Court:

## STIPULATION

### Scope of Stipulation

1. This Confidentiality Agreement and Stipulation and Protective Order (the "Protective Order") shall apply to all information, materials or tangible things subject to discovery in this action, including, without limitation, documents, testimony and responses produced in the course of this litigation by any party or nonparty (the "Producing Party"), which the Producing Party believes in good faith to contain confidential and proprietary business, financial, or other information subject to a legally protected right of privacy or protected from discovery by the right of privacy set forth in Article I, Section 1 of the California Constitution, or constituting a trade secret, or information that qualifies for protection under F.R.C.P. 26(c) ("Confidential Material").

2. All Confidential Material produced or provided by any Producing Party in the instant matter shall be used by the party receiving or reviewing it (the "Receiving Party") only for the purposes of preparing for and conducting the litigation or settlement of the instant action, and shall not be used for any business, commercial, competitive, personal or other purpose whatsoever.

3. The designation of information as Confidential Material pursuant to this Protective Order shall not be construed as a concession by the Producing Party that such information is relevant or material to any issue in the instant matter.

4. This Protective Order is made without prejudice to the parties' objections to producing or disclosing any Confidential Material on the grounds of relevance, admissibility, the attorney-client privilege, the attorney work-product doctrine, or any other privilege, immunity or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2        1        STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC

basis for objection.

5. The production or disclosure of Confidential Material by any Producing Party shall in no way constitute a waiver of any party's right to object to the production or disclosure of other confidential material or information, and shall have no effect on any other dispute over the parties' right to apply to the Court for a further protective order relating to any Confidential Material.

6. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof. However, prior to any application to the Court to enlarge or reduce the restrictions of this Protective Order, the parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Protective Order.

7. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Confidential Material designated as "CONFIDENTIAL" shall be treated as such and shall not be disclosed except in accordance with the terms of this Protective Order.

**Method of Designating Confidential Information**

8. The Producing Party shall designate Confidential Material as such by marking each document or tangible thing "CONFIDENTIAL" as the case may be, directly on such material.

9. To designate deposition testimony as Confidential Material, the party requesting the designation may state during the deposition which testimony should be treated as CONFIDENTIAL and request that the Court reporter print that portion of the transcript separately and mark it CONFIDENTIAL, as the case may be. Notwithstanding the foregoing, within ten (10) days of receipt of a deposition transcript from the Court reporter, any party shall have the right to designate particular deposition testimony and/or exhibits as Confidential Material, even if the party failed to designate such information as Confidential Material at the time of the deposition. Accordingly, all parties will treat any and all deposition transcripts as CONFIDENTIAL for the first fifteen (15) days after the subject transcript is mailed or delivered to counsel. The party making the designation shall be responsible for ensuring that those portions

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2

2

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC

of the deposition transcripts and exhibits designated CONFIDENTIAL are stamped and bound by the reporter in the manner described herein.

10. If any party or nonparty required to produce materials or information in the litigation of the instant matter inadvertently produces any Confidential Material without marking it with the appropriate legend, that party may, at any time after its inadvertent disclosure, notify all other parties to this action that the material is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order.

11. Upon receipt of notice pursuant to Paragraphs 9 or 10 hereof that a document, tangible thing, deposition transcript, or portion of deposition transcript has been designated CONFIDENTIAL, all parties or nonparties in possession of such material shall stamp it with the appropriate designation.

12. The Receiving Party shall have the right to designate documents produced by the Producing Party as "CONFIDENTIAL." The Receiving Party that designates documents produced by the Producing Party as "CONFIDENTIAL" shall immediately, and not later than thirty (30) days after the documents were produced, notify the Producing Party in writing of the "CONFIDENTIAL" designation and shall specifically identify the Bates numbers of the documents the Receiving Party designated as "CONFIDENTIAL".

13. The party designating material as "CONFIDENTIAL" shall have the right at any time to remove the "CONFIDENTIAL" designation from the material that designating party previously marked as Confidential Material. The designating party that removes the "CONFIDENTIAL" designation from the material the designating party previously marked as "CONFIDENTIAL" shall immediately notify the non-designating party in writing and shall specifically identify the Bates numbers of the Confidential Material from which the designating party removed the "CONFIDENTIAL" designation.

**Reproduction of Confidential Material**

14. No Confidential Material shall be reproduced except as required in connection with the litigation of the instant case. Any person making, or causing to be made, photocopies, excerpts, blow-ups or demonstrative material reflecting any Confidential Material (such as charts

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2    3    STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC

or diagrams) shall make certain that each such item bears the appropriate CONFIDENTIAL marking.

15. All copies or derivations of Confidential Material shall constitute Confidential Material as provided in this Protective Order and shall be treated as such.

### Use of Confidential Material

16. Confidential Material may be referred to by a Receiving Party or Producing Party in papers filed with the Court in the instant action and/or in discovery papers. However, no such information shall be used for any of these purposes unless the papers, or the portion thereof containing Confidential Material, are appropriately designated and, if filed with the Court, filed under seal pursuant to Paragraph 17 hereof.

### Confidential– Filed Under Seal Pursuant To Protective Order.

17. Court procedures:

(a) The parties agree that persons employed by the District Court of the Northern District of California have no duty to the parties (or any third parties) to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

(b) The parties agree to comply with Civil Local Rule 79-5 when filing or lodging "Confidential" documents with the Court.

(c) Any Court hearing which refers to or describes "Confidential" information shall in the Court's discretion be *in camera*.

(d) Notwithstanding the above, any party may move the Court for an order allowing the filing of papers containing confidential information, if that party believes the filing of the papers is necessary for a complete record. Any such papers shall be submitted by counsel responsible for the filing in accordance with Civil Local Rule 79-5.

### Method for Objecting to Confidential Designation

18. If any party objects to the designation of any Confidential Material as CONFIDENTIAL, the objecting party may request in writing of the designating party that such designation be removed. The written request shall specifically identify the precise material or information at issue.

19.     The Producing Party shall respond in writing within ten (10) business days of the receipt of the written request, or within such other time as may be designated by Order of the Court or agreement of the parties. If the Producing Party refuses to remove the CONFIDENTIAL designation, the Producing Party's written response shall state the reasons for such refusal.

20.     If the Producing Party fails to respond to a request or refuses to remove the CONFIDENTIAL designation, the objecting party shall file an appropriate motion raising the issue of designation with the Court prior to the close of discovery. In the event of such a motion, the material at issue may be submitted to the Court for an *in camera* inspection.

21.     All Confidential Material shall be given the full protection of this Protective Order unless and until the Court enters an Order changing the designation.

### Persons Qualified to Receive or Review Confidential Material

22.     Confidential Material marked "CONFIDENTIAL," and any documents or things derived therefrom or based thereon, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

(a)     The Court and employees of the Court (in the manner provided by Paragraphs 16 and 17 hereof);

(b)     Counsel to the parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel;

(c)     Experts or consultants and their staff assisting in the prosecution or defense of the instant matter, provided that said experts and/or consultants are not (i) employed by, (ii) regular consultants for, or (iii) employees of firms or businesses that are regular consultants for any of the parties engaged in this lawsuit;

(d)     Parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) on a need-to-know basis;

(e)     Any person who authored or previously received the Confidential Material, or who has knowledge of the specific facts identified in such materials;

(f)     Court reporters and other persons involved in recording deposition testimony in this action by any means;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2

5

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC

(g) Any other person to whom the Producing Party agrees in writing; and

(h) Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances.

23. Prior to reviewing or receiving Confidential Material in any manner, all experts or consultants and their staff who are Qualified Persons under Paragraph 22 hereof shall execute an undertaking in the form of Exhibit A hereto. Counsel for the party providing Confidential Material to such Qualified Person(s) shall maintain a complete record of every original signed undertaking obtained from any person pursuant to this paragraph, and shall provide the Producing Party's counsel with a copy of such signed certificate at least thirty (30) days after the conclusion of all proceedings, whether by settlement, dismissal, judgment or otherwise, and after all appeals have been exhausted. In addition, if the identity of outside experts and consultants must be disclosed pursuant to Court order, statute or otherwise, a copy of all undertakings executed by such disclosed experts or consultants shall be furnished to the Producing Party upon request.

24. No Confidential Material shall be disclosed to any persons other than Qualified Persons. However, nothing contained herein shall (a) prevent any party from disclosing or employing its own Confidential Material as it deems appropriate in its sole discretion, or (b) be deemed to impose any restriction on the use or disclosure by a party or witness of materials or information obtained independently of the discovery proceedings in the instant matter.

25. In the event that any Qualified Person to whom Confidential Material is disclosed ceases his or her involvement in the instant action, his or her access to Confidential Material shall be terminated immediately. The provisions of this Protective Order shall remain in full force and effect as to any such person.

26. If any Confidential Material in the possession of a Receiving Party or Qualified Person is subpoenaed by any Court, administrative or legislative body, or by any other person purporting to have authority to subpoena such materials or information, the party to whom the subpoena is directed shall immediately (and, in any event, no longer than within two (2) business

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2

6

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC

1  days) give notice of the subpoena and deliver of a copy thereof to the attorneys for the Producing
2  Party.
3      27.     Counsel for the parties shall take reasonable precautions to prevent the
4  unauthorized disclosure of Confidential Material.

### Conclusion of the Litigation

6      28.     Upon the written request of the Producing Party made within sixty (60) days of the
7  final disposition of this action, all Confidential Material, and all copies or extracts thereof, shall
8  be returned to the Producing Party within thirty (30) days of such request or, at the Producing
9  Party's option, shall promptly be destroyed, except that briefs and other court papers prepared for
10 use in the instant matter need not be returned or destroyed but shall be kept confidential by all
11 counsel for the parties.
12     29.     The binding effect of this Protective Order shall survive termination of this action,
13 and the Court shall retain jurisdiction to enforce the Protective Order.
14     The provisions of this Protective Order shall be effective and binding as between the
15 parties, counsel, and any Qualified Person as of the date of the execution of Exhibit "A" hereto.

Dated: December 22, 2009

McINERNEY & JONES

By _____
Kevin J. McInerney
Attorneys for Defendant
MELISSA S. CURRIE-WHITE

Dated: December 22, 2009

MORGAN, LEWIS & BOCKIUS LLP

By _____
Daryl Landy
Attorneys for Defendant
BLOCKBUSTER INC.

1    PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO ORDERED.

2    Dated: December 28, 2009

3    _____
     HONORABLE MAXINE M. CHESNEY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2                         8                    STIPULATION AND [PROPOSED]
                                                                  PROTECTIVE ORDER
                                                            CASE NO.: 3-09-CV-02593 MMC

## **EXHIBIT A**

AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Stipulated Protective Order (the "Agreement"), have read same and agree to be bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the United States District Court, Northern District of California for purposes of the enforcement of this Agreement. I understand that if I violate the terms of the Agreement, I may be subject to appropriate sanctions by the Court.

DATED:_____        _____

_____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21369087.2

9

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.: 3-09-CV-02593 MMC