UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MELISSA S. CURRIE-WHITE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>BLOCKBUSTER, INC.; and DOES 1 through 50, inclusive,<br><br>      Defendants.<br>_____/ | No. C 09-2593 MMC (MEJ)<br><br>**ORDER RE: DISCOVERY DISPUTE (DKT. #59)** |

## I. INTRODUCTION

  Before the Court is the joint discovery dispute letter ("Joint Letter") filed by Plaintiff Melissa Currie-White ("Plaintiff") and Defendant Blockbuster Inc. ("Defendant") on February 16, 2010. (Dkt. #59.) After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. BACKGROUND

  Plaintiff, a current employee of Defendant, filed this putative class action against Defendant under the Labor Code Private Attorneys General Act of 2004, Cal. Labor Code §§ 2698, *et seq.*, alleging that Defendant violated the Labor Code and section 14 of Wage Order 7-2001 ("Wage Order"). (Joint Letter at 1; Pl's. First Amended Compl. ("FAC") ¶ 1, Dkt. #27.) Plaintiff alleges that, under the Wage Order, Defendant is required to provide suitable seats for its employees, and argues that Defendant failed to provide seats for employees working as Customer Service Representatives.[1] (Joint Letter at 1; FAC ¶¶ 4, 7, Dkt. #27.) Plaintiff seeks certification under

---

[1] The relevant portion of the Wage Order provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits use of seats." The

Federal Rule of Civil Procedure ("Rule") 23 of the following class: "All persons who, during the applicable statute of limitations, were employed by Blockbuster in the State of California in the position of Customer Service Representative, or similar position that regularly involves or has involved the operation of a cash register, and were not provided with a seat." (FAC ¶ 8, Dkt. #27.)

At issue is Plaintiff's Interrogatory No. 2, which asks Defendant to provide the name, home address, and home telephone number of "each person who held the position of Customer Service Representative (including any similar position that regularly involves the operation of a cash register) in a Blockbuster store in the State of California at any time between April 24, 2008 and the present[,]" the store or stores where that person worked, and the position or positions held. (Joint Letter, Ex. 1.) In responding to Plaintiff's Interrogatory No. 2, Defendant objected to Plaintiff's request as unduly burdensome and overbroad. (Jones Decl., Ex. 2, Dkt. #44.)[2] Defendant further objected that the information sought in Interrogatory No. 2 is private and must be protected as such. *Id.*

### III. DISCUSSION

In the Joint Letter, Plaintiff argues that she is entitled to an order compelling Defendant to produce the names, addresses and telephone numbers ("contact information") of the putative class members. (Joint Letter at 1.) Plaintiff argues that this contact information is necessary to assemble information she needs to meet the elements required for class certification under Rule 23, and argues that the putative class members will likely be the most knowledgeable regarding key facts in the case relevant to class certification issues. *Id.* at 2. Additionally, Plaintiff argues that the contact information is likely to lead to information that would substantiate the following class allegations:

---

Wage Order further provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties." Wage Order 7-2001, Section 14; Joint Letter at 1.

[2]In the Joint Letter, the parties stated that Exhibit 2 to the Joint Letter was Defendant's Responses to Plaintiff's First Set of Interrogatories. (Joint Letter at 1.) However, the actual Exhibit 2 was Defendant's Special Interrogatories to Plaintiff.

2

(1) that the layout of Defendant's stores are similar and that no seats are provided in any stores; (2) that the nature of cashier work in Defendant's stores is similar, and that the nature of the work reasonably permits use of a seat; (3) that common questions of law and fact predominate over individual issues; (4) that Plaintiff's claim of injury resulting from Defendant's failure to provide seats is typical of the class; and (5) that a class action is the superior means of adjudication for this case. *Id.* at 2. Plaintiff also argues that the contact information is necessary for her to determine the existence of a class or set of subclasses. *Id.*

In response, Defendant argues that Plaintiff's request for contact information of all current and former employees of Defendant during the relevant time period is burdensome in that it includes more than 9,000 individuals from over 500 stores throughout California. *Id.* at 3. Defendant argues that producing the contact information for these 9,000-plus individuals is not necessary for Plaintiff to satisfy Rule 23 class certification requirements. *Id.* at 4. Defendant further argues that because Plaintiff seeks to interview each putative class member to determine what their actual job duties were, whether they were provided with a seat, and if not, whether they suffered injury as a result of having no seat, this case is the antithesis of a class action as it requires interviews of individual class members to determine the circumstances of their situation. *Id.* Defendant argues that Plaintiff's alleged need for such expansive discovery demonstrates the individualized nature of her claims. *Id.* at 4. Defendant further argues that the putative class members have a reasonable expectation of privacy in their identities and contact information, and that it cannot release the contact information without the express consent of the putative class members. *Id.* at 5. Finally, Defendant argues that if the Court grants Plaintiff's request and orders Defendant to produce information responsive to Plaintiff's Interrogatory No. 2, the scope should be limited to those individuals who worked at the same stores as Plaintiff during the relevant time period. *Id.*

**A.   Legal Standard**

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court. *Vinole v. Countrywide Home Loans, Inc.* 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class

3

certification and that some discovery will be warranted."). The plaintiff has the burden to either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

A court must determine whether the action may be maintained as a class action as soon as is practicable after the action is filed. Fed. R. Civ. P. 23(c)(1). Accordingly, discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210).

The disclosure of names, addresses, and telephone numbers is a common practice in the class action context. *See Babbit v. Albertson's Inc.*, 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992) (at pre-certification stage of Title VII class action, defendant employer ordered to disclose names, addresses, telephone numbers and social security numbers of current and past employees); *see also Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2002) (ordering production of the names, addresses, and telephone numbers of putative class members, subject to a protective order, including those who worked in a sales division other than the plaintiff's own).

**B.    Application to the Case at Bar**

The Court finds that the case at bar is factually analogous to the *Putnam* case cited above, a putative class action in which the court, at the pre-certification stage, was faced with the question of whether to order disclosure of contact information for 348 employees of the defendant, both inside and outside of the plaintiff's sales division. *Putnam*, 508 F.Supp.2d at 813. As in this case, the plaintiff in *Putnam* argued that the contact information of other employees was necessary in order for the plaintiff to substantiate class allegations. *Id.* The defendant argued that the plaintiff was not entitled to the contact information of its employees in sales divisions other than the plaintiff's

4

division, and even if the plaintiff were so entitled, those employees and putative class members had a reasonable expectation of privacy in their contact information. *Id.* at 814. The court found that the contact information of other employees of the defendant, especially those employees in sales divisions other than the plaintiff, would be useful to the plaintiff in meeting the commonality and typicality prongs of Rule 23. *Id.* The court further found that Plaintiff's need for the information outweighed the defendant's privacy concerns for its employees, and that a protective order would be sufficient to address those concerns. *Id.*

Likewise, in this case, the Court finds that Plaintiff is entitled to the contact information of putative class members, both in the two stores where Plaintiff worked and at other stores throughout the state. Plaintiff seeks this information in order to substantiate class allegations and to meet the certification requirements under Rule 23. The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action. However, the Court agrees with Defendant's argument that production of contact information for over 9,000 individuals in over 500 stores would be burdensome at this early pre-certification stage.

Some courts have limited pre-certification discovery of contact information to a representative group. *See Martinet v. Spherion Atlantic Enterprises, Inc.*, 2008 U.S. Dist. LEXIS 48113, at *6-7 (S.D. Cal. 2008) (limiting production of contact information for putative class members to the office where the plaintiff worked, as the plaintiff sought information for 10,000-plus employees encompassing many different job industries and many job positions unique from the plaintiff's); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (production of potential class members' contact information limited to commissary employees, as the plaintiff had not yet made a showing that all hourly employees were subject to challenged practices).

Thus, while Defendant's burdensomeness objections have merit, the Court finds that Plaintiff is entitled to discovery of contact information for a representative number of putative class members in order to substantiate her class allegations. However, the Court declines to limit production of contact information to only the two stores where Plaintiff worked because, unlike the plaintiff in

*Martinet*, the job duties of Defendant's in-store employees are likely similar to Plaintiff's. Accordingly, Defendant shall produce the contact information of putative class members for the two stores in which Plaintiff worked, plus ten additional stores which Plaintiff shall select.

Additionally, the Court is aware of the protective order already in place in this matter, (Dkt. #52), which should adequately address the privacy at issues here. However, in an abundance of cation, the parties are ORDERED to meet and confer to draft any additions/modifications to the protective order for the discovery at issue.

### IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows. Defendant is ORDERED to disclose to Plaintiff the contact information of putative class members for the two stores at which Plaintiff worked, consistent with the language of Plaintiff's Interrogatory No. 2. (Joint Letter, Ex. 1, Dkt. #59.) Additionally, Plaintiff shall select ten (10) of Defendant's stores for which the contact information of putative class members will be disclosed to her, consistent with the language of Plaintiff's Interrogatory No. 2. *Id.* Plaintiff and Defendant are ORDERED to meet and confer and subsequently file a joint stipulation and proposed order memorializing their agreement regarding the ten stores selected and the method for disclosure. Furthermore, the parties shall include in the joint stipulation and proposed order any modifications they wish to make to the protective order already in place in this matter. (Dkt. #52.) The parties are ORDERED to file the joint stipulation and proposed order within fourteen days of this Order.

**IT IS SO ORDERED.**

Dated: April 15, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge